"The ■Chief JusTicE-
deliveredíhe opinion of the Court.
This is a bill .in chancery, filed by •Tames Stéwart, against George I-lutton, for the conveyance of the legal title to a tract of‘land.
' The bilb álleges that Hutton, being entitled by entry and survey, to the equity in the land, sold it to © unte roían;' who sold it to Reeder, who sold it to Car-rol. ’ Th&bReeder having sued Carrol in chancery, for ihe purpose of enforcing his lien on the equity, for the consideration, obtained a. decree for the sale of the land. That the commissioner appointed by the decree, sold the right of Carrol, in obedience to the order of the court, and that Stewart, (the complainant,) bought it; and that since the decree and sale, Stewart had paid a balance due to the state, for the lahd,ahd procured a patent for- it, in the name of Hutton, who nevertheless, refused to convey the title to him.
Hutton demurred to the bill, and the court sustained the.demurrer, and dismissed the bill.
The correctness of this decision is the only question presented by the record.
That the decree for enforcing the lien, however irregular it may be, should be considered valid, in any case in which, as in this, it is used as evidence of the transfer of Carrol’s equity, cannot be doubted. One, who sells an equitable right to land, retains a lien on *179 it'for the consideration, whenever, under the same circumstances, the vendor of the legal title would hold'an equitable lien. The same principle reason apply to both cases. *1 J ' - ■
.Assignor of.y^ance of*”’" 'ugattiúeto• land, not necessary party > conveyance, But assignor of equity in “®V to suit against ven-e
Nor have we any doubt that the statute of frauds and perjuries is inapplicable to this ease. The biil does not show that the- various contracts which it mentions, were not conformable to the requisitions of -this statute. And, therefore, the. legal presumption is, that the contracts were in writing,..
Nor do we consider Reeder and Carrol, necessary» parties .in this suit. They are concluded by the decree for selling Carrol’s equity, and ...to, perfect, the. title acquired, under which decree is the only object of this billr
. But Gunterman is not . bound by the decree.-does not appear that he was a party to the spit in which the decree was rendered.1 He is alleged to have been the first purchaser of. the equity from Hutton; and it was-from him that Reeder acquired his equity, if he had any. It is not alleged that he held a bond fora title, which he assigned to Reeder. Such an allegation would, according to the case of Lemon vs. Brown, IV. Bibb, have.dispensed necessity of making Gunterman a party in this case, But we are not inclined to extend the case ip Bibb, analogy, beyond its literal import and effect. That Gunterman assigned to Reeder a bond for the title, not a legal deduction from the..allegations of the bill.
As, therefore, the bill alleges that Hutton sold the,equity to Gunterman, and that Gunterman sold it to Reeder, before Huttomsho’uld be, compelled to convey the legal title to any other person than Gunterman,-. the latter should be made a party to the suit, so that/ it might be -ascertained judicially-, thafche transferred his right availably to Reeder., and, therefore,.has now» no. right to the- land.-. Otherwise, if a decree should fee-obtained against Hutton, he might still b® liable., to Gunterman for damages, and Gunterman might be unjustly deprived of bis right to the land, without his ■knowledge or consent, 'and by. an esparte-proceeding» v
Bill, against vendor of e-quily to coerce from him legal litle, must aver payment of whole consideration.
Denny, for plaintiff.
The bill is, therefore, defective. It lacks equity for another reason. It does not aver that the consideration had been paid to Hutton, or to Gunterman.
■Hutton cannot be compelled to part with the legal title, until he shall have received the whole consideration; and a bill fora specific execution is defective, if it do not aver a payment of the entire consideration. Without such an averment, it cannot show, on its face, an equitable right to relief.
The demurrer was, therefore, properly sustained to the bill.
Wherefore, the decree of the' circuit court is affirmed, with costs and damages.